COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-124-CR
 
  
MATTHEW 
WILLIAM LEAVELL                                                APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 355TH DISTRICT COURT OF HOOD COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Matthew William Leavell of burglary of a habitation and 
assessed his punishment at eighteen years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice and a $2,000 fine. The 
trial court sentenced him accordingly. In one issue, Appellant contends that the 
evidence is legally and factually insufficient to support his conviction. 
Because we hold that the evidence is legally and factually sufficient to support 
Appellant’s conviction, we affirm the trial court’s judgment.
        The 
indictment alleged that Appellant, on or about June 2, 2003, in Hood County, 
Texas, “did then and there intentionally, without the effective consent of . . 
. the owner . . . , enter a habitation with intent to commit theft.”[2]  It also alleged that Appellant “did then and there 
intentionally or knowingly, without the effective consent of . . . the owner . . 
. , enter a habitation and did attempt to commit or commit theft.”[3]   The jury was only charged on the second theory. 
Appellant does not challenge the evidence supporting the conclusion that the 
complainant’s home was burglarized. He focuses only on the issue of identity, 
challenging the eyewitness’s identification of him as the burglar.
        The 
evidence at trial showed that the complainant reported a burglary in progress in 
the Bentwater development. The development has two entrances, one on Wills Way 
and one on Old Granbury Road. When the responding deputy, Deputy Young, got on 
Old Granbury Road, he met a gray Chevrolet pickup truck head-on. The pickup had 
its left turn signal on. The deputy waited for the pickup to turn because he 
wanted to determine if the pickup had been involved in the burglary, given the 
limited exit routes from the development and the report that the burglary was in 
progress. After about thirty seconds, the pickup went straight instead. Young 
then instructed the deputy in the car behind him, Deputy Brock, to follow the 
pickup. She did. After she stopped the pickup and got out of her car, the pickup 
fled. Brock then chased the pickup to Appellant’s home, where the pickup 
collided with a burn barrel. The driver escaped on foot. No one answered 
Brock’s knock at the front door of the home. Brock testified that she learned 
that a Mr. McMasters was the registered owner of the pickup.
        Ed 
McMasters testified that he had thrown a barbecue on the day and evening of the 
burglary and that Appellant attended. At about eleven p.m., Appellant asked to 
borrow the pickup to go down the road and find a friend. McMasters loaned him 
the pickup. The police awakened McMasters in the wee hours of the next morning 
to tell him that his pickup had been abandoned at Appellant’s home.
        The 
complainant’s son, the only eyewitness to the burglary, who was eighteen years 
old at the time of trial, testified that on June 2, 2003, about seven months 
before trial, he had gotten up around 11:30 p.m. to go to the bathroom. The 
lights were off. While he was in the hallway, he suddenly heard what sounded 
like the TV set shaking in the living room. He at first thought his mother was 
turning off the stereo. Then, he thought the person was his dad because of the 
person’s shape. Finally, he realized that the person’s shadow was too big to 
be his dad’s, so he flipped on the light. The intruder stood up, turned 
around, and looked at the eyewitness, who continued to look at him. At trial, 
the eyewitness testified that he looked at the intruder from the shoulder up. 
The intruder was bigger than the eyewitness. The eyewitness and intruder looked 
at each other for two slow seconds. The eyewitness then watched the intruder run 
out of the house.
        After 
the intruder fled, the eyewitness awakened his mother, and she called the 
sheriff’s department. When the complainant and her son went out to the living 
room, they discovered that the stereo had been pulled out and partially 
unplugged. The complainant testified that she did not give anyone but her son 
permission to enter her residence that evening and that she did not give anyone 
permission to move her television and electronic equipment around.
        When 
the investigating deputy, Deputy Thomas, arrived a few minutes after the 
complainant’s call, the eyewitness reported that the burglar was 6 feet, 2 
inches tall, weighed 190-200 pounds, had a moustache down to his chin and dark 
hair, and wore pants and a long-sleeved shirt or jacket. Approximately two days 
later, the eyewitness identified Appellant as the intruder in a photo lineup. At 
trial, the eyewitness unequivocally identified Appellant as the person he had 
seen in his living room. Deputy Young testified that Appellant was perhaps a few 
inches shorter than 5 feet, 11 inches, Young’s own height. Ed McMasters 
testified that Appellant was 5 feet, 10 inches tall. There was also evidence 
that people often misjudge height.
        Applying 
the appropriate standards of review for legal[4] and 
factual[5] sufficiency, we hold that the evidence is 
legally and factually sufficient to support Appellant’s conviction. We 
therefore overrule Appellant’s sole issue and affirm the trial court’s 
judgment.
  
                                                                  PER 
CURIAM
 
 
PANEL 
F:   DAUPHINOT, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 31, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. Penal Code Ann. § 
30.02(a)(1) (Vernon 2003).
3.  
See id. § 30.02(a)(3).
4.  
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden 
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001); Dewberry v. State, 
4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 
(2000).
5.  
See Zuniga v. State, 144 S.W.3d 477, 481-82, 484-87 (Tex. Crim. App. 
2004); Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); Cain 
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).